Is there a council present for the appellant, Mr. Martin, in the room? The next case is number 13-1390, Randall May International v. DEG Music Products. Mr. Martin, please proceed. Thank you, Judge Berman. My hearing isn't what it was, and I thought you had a recess. Really, what we come back to on this, I think, is the major issue is, did the court explain its ruling? That's not a discretionary issue, abuse of discretion. That's a fundamental error that results here in it being almost impossible to figure out exactly what the judge did. Both sides have speculated. Actually, I don't think I did. I think the RMI has speculated on what might have motivated it. I don't see any help or any science involved in deciding the motive. You've been here for the third time, and you've won and you've lost, and you're here on fees, and the trial judge looked at all the fee issues and awarded some to you and some to your opponent. Why is it the business of the appellate court to dig into all these facts and say, well, you should have been 20% more here and 20% less there? The last thing I ask the court to do is determine, to do the judge's work below. I don't attribute any motive to the judge. Perhaps getting us out of his courtroom would be one. But I think what he did was he said he wanted to come up with an order where the fees were pretty close to each other, and that is really an abuse of discretion. I don't think the judge can do that without answering some of the questions that were raised in our objections, such as, how do you deduct 200 hours from our appellate time when our total appellate time was 100 and some hours? That's certainly a clear error of fact, and I think it would be appropriate, Judge Lurie, for this court to say so, but this court certainly is not in a position and shouldn't and doesn't want to, and I would be embarrassed to ask it to decide what the final amount should be, because we're saying the trial court should exercise his discretion to pick the right amount when it goes back, and I wouldn't begin to ask the court to say, oh, we take away that deduction. Can you tell where the district court's 331.5 and 195.5 figures come from? I have no idea. I've tried. I have tried different combinations to figure out where it might have been, and I can't make a match. RMI's theory was that he was really including time that was spent before the appeal, which was largely in getting the case, getting the judgment in the case below, plus time spent in the interval between the two appeals. That doesn't make sense to me. I can't make the numbers come out, and if that's what the judge was doing, you can't reconcile that with what the judge said he was doing, which was asking for help from this court in seeing if the appellate fees were reasonable. I don't ask this court to do that. Can I ask, I guess, a similar kind of question, but on the question of costs, is there a document that is in the appendix that you submitted in which you broke down, not the fees, but the costs by identifying which ones were related to which claims, the claims on which you won and the claims on which you lost? I think to the extent we did that, it was in my declaration, but not a... Not a citation. There's a lot of pages here. This is your declaration at 2555? Yes. Okay. Yeah, I'm looking... I can look inside it if that's the document that you want me to look at. Yeah, and frankly, I'm trying to recall if, because this thing was a movable feast in terms of gaps between when these declarations were required. By the way, there was no question but that we filed our motion timely. There never was an additional motion filed after the initial one. What happened is the judge had filed declarations in further support, so I don't think there's any real issue about whether we missed the date on that. I would have to... I'm not getting my finger on it right away, and I think it may have been earlier because this declaration was limited to what issues I thought were left. It's... I think it's apparent. This is a contract case. It's a contract issue. They're entitled to their fees for what they want on that falls within the scope of the contract. We're entitled to our fees, and I think we're both entitled to have the fees determined by the same rules. In my... this is on page 7 of the reply brief where I'm quoting from the plaintiff's brief just as an example. This is an append... they say all written discovery revolved in part around the antitrust claim. That epitomizes what the problem is that was given to Judge Hatter. If it's in part, what does that mean, and how does that comply with the nominal standard that they were only to get hours that were solely related to their claim, which I think is an impractical standard because of the interplay between market issues on an antitrust counterclaim and what you have to prove in order to claim damages. So you can't... you have to make some judgment calls in there, which the judge didn't do. But anyhow, if paper discovery and depositions, they claimed all the time they spent on those when obviously they had to deal with infringement, damages, affirmative defenses that were not related to the antitrust counterclaim. And supposedly all of that time they get compensated for 100%, not a single dollar deducted. Meanwhile, we took our licks on time that was excluded, large amounts of time. In fact, we took out a lot of time, my call, that I did not think was efficient time. Large amount of money that we took out and then the judge added on to that. I think that is truly discretionary. That I don't think... we have not appealed the judge's order on that, but that gets to the equity issue. We have to apply the law the same way to them as to us. If they get the advantage of saying we spent a little bit of time on the antitrust issue out of a 200-page deposition, there's two pages if you can even figure that out, we get all of it paid to us. That's just arbitrary. And I'm not happy to be here a third time. Of course, it's a pleasure being here once I'm here. And I know it's not an issue that's a burning issue in the law, but it certainly is one where our client was visited with an unjust order because we did a whole lot more work on the case in chief than they did on the counterclaim. Am I right that international rectifier is the one case that you cite for the proposition that it's error for the district court to fail to provide an explanation even if as an appellant you haven't identified and shown an erroneous bottom line result? Failure to offer an explanation is itself a reason to remand for redoing? I think in any fee case, I think you have to be practical. Spending more money on calculating the fee than the fee is doesn't make sense. But I think usually it's not an issue. I mean, a judge can do a two paragraph order and get it right and nobody's going to appeal it. But I think our ox was gored on this and I think when we made objections that weren't addressed that were good objections that were not responded to, by the way, in the plaintiff's brief on things that were allowed that shouldn't have been allowed, we're entitled to our rights under the contract. And because we have a contractual claim here, we should have the contract enforced evenly. I don't see a way you can get to a conclusion that the result was fair in light of the time that was spent and the results that were achieved. Okay. Thank you, Mr. Martin. We'll save the rest of your time. Good morning and may it please the court. I think the standard of review here really is effectively dispositive. This is a case that the district judge lived with for almost 10 years. The problem is review. What is there for us to review? There isn't a lot here, is there? Well, there is, Your Honor. There's… Then maybe I have the wrong order, which seems to be two pages and not a lot of data. Well, the order, Your Honor, the ultimate order at page 2792-94 indicated that each side had submitted a reasonable amount of hours in the fee submissions. Now, it said some of Degg's fees were excessive and duplicative, and it explained where it cut them. And Degg doesn't assert that that was an abuse of discretion. It asserts – and the district court identifies the hours being cut and where it was cutting. I don't think a district court is required to sort of – to go so deep into everything as it sort of goes on a line-by-line basis. It was given voluminous record materials from the parties three times Degg was given the opportunity to give the materials. It received objections that were specific on a line-by-line basis, and it agreed with RMI's objections with respect to some of it, and some of it it didn't, as the district court said. And so I think that the decisions ultimately, it's a reasonable decision in terms of where the case came down between the parties across all the claims. Some claims they prevailed on. Some claims we prevailed on. And the district court, after a great volume of data – and I think that's why this case is a lot like your J.P. Stevens case where the district court had lived with the case for many, many years, had dealt with the parties in the trenches of litigation. It analyzed the submissions of the parties. It didn't just willy-nilly accept something from RMI. We didn't get everything we asked for either. And so the district court here didn't employ some sort of unfair standard, a double standard where RMI got everything and Degg didn't get everything. That's not what happened. Everyone got some stuff and everyone lost some stuff. Have you identified by pages in the joint appendix where the district judge might have gotten these figures 331 and 195? Yes, Your Honor. That's in our opening brief, and I apologize if I didn't explain it clearly enough. You had only one brief here. Yes, in my opposition brief. Yes, Your Honor. At page 35 to 36 of the brief is where I sort of dealt with it. Right, but this doesn't add up any hours. No, I didn't add up the hours. I apologize. I was very specifically asking about an hour question. You said there was $125,000 on this and $100,000-something on that, but with at least two different rates for attorneys and one for paralegals, there's no way to translate your numbers into hours without more information. So my question is, is there something in these six volumes of appendix that shows hours where you can tell how the judge arrived at the starting figures, 331.5 attorney hours, just as a starting, before he started subtracting anything? I think that would be the attachment to Mr. Martin's declaration. And our objections to that were based on the gross dollar amounts for that phase of the case. And that was – our objections to the court were that the claimed monies for the appellate realm were simply excessive. And so our objections were always based on the dollar amounts, and that's what I identified in my brief. And the district court then adopted our objections and cut the appellate zone time. And the appellate zone time is broader here than your typical case because it had been up twice already. But you see the dilemma. Are we to ask the district judge to do it again on the same record? Are you saying that more information should be provided or that we should do it all ab initio by looking for attachments to assorted documents? I don't think you should be asking the district court to do it all again. The district court was given everything by DEG three times, and it received all of our objections to their submissions, and the district court did its calculations. And so I don't think you need to do it in the first instance. I think the district court did it, and the district court within a range of – But we're looking for the defense now of the calculations. You're saying the court got it right? Yes, the court got it right. And where are we to find the numbers to show the court got it right? Well, at page 2566, paragraph E, and page 2566, paragraph G is DEG's declaration is where they claimed the amount. And then our objections were at page 2785 to 86, objecting to those specific amounts, and this is for the appellate expenditures. And the district court then did an analysis and gave them a certain amount of money for the appeal, and that's at page 2794. And so I think that is well within the range of discretion that the trial court has. The trial court under this court's case law, J.P. Stevens, for example, quotes that it's not disturbed so long as it stands within the range of discretion. It's not influenced by any mistake of law, and there's no identified mistake of law. It had a broad range of discretion. The discretion isn't super narrow, such as in an evidentiary decision where, although reviewed from the use of discretion, you can't admit foundationless testimony, for example, so the discretion is very narrow. Here, the discretion is broad, and the district court was given the materials, it was given objections, and it analyzed it and explained its analysis. And so I think that is not an abuse of discretion that should be unsettled. I also think that it's not fair. I think Mr. Martin said that the district court maybe just wanted to get everyone out of there, out of this courtroom, and I don't think that's fair. I don't think the record can support the idea that Judge Hatter was just trying to get everyone out of the courtroom. Judge Hatter took voluminous submissions on multiple occasions from the parties and wasn't just rubber-stamping materials, and again, it didn't just give RMI everything. We lost the vast majority of what we asked for ourselves, and so I don't think that's a fair assessment of sort of what happened below with Judge Hatter. Unless the court has any other questions, I would submit. Any more questions? Okay. Thank you, Mr. Fitzgerald. Thank you. I have some time. Let me respond just quickly. I don't know what Mr. Fraziabi means about them losing a lot. They got every dollar they asked for. They got every dollar they asked for in their last submission. The judge said he was making no cuts. They claim they objected. Mr. Fraziabi claims that they objected to our appellate fees. There was no objection made in the briefing on the district court by them to the amount of our appellate fees, none. Yes. I'm proving a negative. We discussed it in our reply brief. Oh, here it is. The sites are Appendix 2443 and Appendix 2782. They don't say we didn't object, but it does cover their objections, and they did not object. And the response that there must be some numbers in there that add up really is an argument I would make because you can't figure out what they are to add them up. And I certainly didn't mean to accuse Judge Hatter. The case has run close to ten years. But obviously, I think Judge Newman and perhaps Judge Lurie were on the panel in one or more of the appeals. I am a big fan of Judge Hatter. He is a wonderful judge. It's a pleasure to appear in front of. I don't think he's fond of patents particularly. And this case took a long time, not because of Mr. Fraziabi or our side seeking delays or doing things purely for the case of stretching it out. I think there were long gaps that you can see from looking at the docket if anybody were interested. Between orders, a motion would be under submission, a long time to get to an order. Went through two claim construction iterations because he didn't decide the first time what the claim construction was. The same summary judgment motions got filed over with different results. He was not comfortable with the case. And I don't blame him. It was not that easy. And really, I suppose it's relevant only to what happened here. I don't think there's an unfair bone in Judge Hatter's body. He's a very fair judge. But I think he struggled with this. Thank you, Mr. Martin. Thank you, Mr. Fraziabi. The case is taken under submission. Thank you.